No. 85,002

STATE OF KANSAS, *Appellant*, v. ENCARNACION E. AGOSTO, *Appellee.*

(27 P.3d 423)

Opinion filed July 13, 2001.

*Debra S. Peterson,* assistant district attorney, argued the cause, and *Elizabeth Reimer,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, were with her on the brief for appellant.

*Timothy G. Madden,* chief counsel, Kansas Department of Corrections, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The district attorney appeals on a question reserved the holding of the district court that K.S.A. 1999 Supp. 21-4603d(e), relating to the district court's placement of offenders under postrelease supervision by community corrections after the offender has successfully completed the Labette Correctional Conservation Camp (Labette) program, does not violate the Kansas constitutional separation of powers doctrine. The Kansas Department of Corrections (DOC) was allowed to intervene. The DOC contends that K.S.A. 1999 Supp. 21-4603d(e) is constitutional and the district court's decision should be affirmed. The case was transferred to the Supreme Court pursuant to K.S.A. 20-3018(c).

Encarnacion E. Agosto pled guilty to one count of sale of cocaine. The date of the crime was September 20, 1998. At sentencing, the district court determined that Agosto fell into drug grid box 3-E, a border box on the drug grid. The court sentenced Agosto to 28 months' imprisonment, which is within the presumptive sentencing range for Agosto's crime.

On January 4, 2000, the DOC placed Agosto in Labette pursuant to "K.S.A. 1999 Supp. 21-4603(e)." In response, the district attorney filed a motion to set aside Agosto's placement in Labette be-

cause Agosto did not fall within the class of inmates eligible for Labette placement and further filed a motion to declare K.S.A. 1999 Supp. 21-4603d(e) unconstitutional as a violation of the separation of powers. The DOC filed a motion supporting the constitutionality of K.S.A. 1999 Supp. 21-4603d(e).

The district court heard the district attorney's motions on February 10, 2000. The court ruled that the portion of K.S.A. 1999 Supp. 21-4603d(e) which requires a court to assign an inmate who has completed Labette to community corrections was a procedural change in the law and therefore applied retroactively to Agosto. The court further found that the statute was constitutional and did not violate the separation of powers doctrine.

The district attorney appeals on a question reserved, arguing that the 1999 amendments to 21-4603d(e) are substantive and not retroactive; therefore, the 1998 version of the statute applies to Agosto's case and Agosto was not within the class of individuals eligible for Labette placement in that version of the statute. The district attorney also argues that both the 1998 and 1999 versions of the statue are unconstitutional as violative of the separation of powers doctrine.

The Kansas Court of Appeals initially granted an interlocutory stay order to the district attorney, preventing the district court from placing Agosto under community corrections supervision pursuant to K.S.A. 1999 Supp. 21-4603d(e) pending the outcome of this court's decision in *State v. Martin*, 270 Kan. 603, 17 P.3d 344 (2001). The DOC moved the Court of Appeals to reconsider the stay order. The Court of Appeals granted the DOC's motion. Agosto has completed the Labette program and been placed under supervision by the local community corrections program.

Prior to 1999, 21-4603d(e) provided that inmates who had been sentenced to the custody of the Secretary of the DOC for probation revocations or as a departure from the presumptive nonimprisonment grid block of either sentencing grid and who otherwise met the admission criteria of the camp could be placed by the Secretary in Labette, and, after the inmate successfully completed the 6-month camp, the Secretary was authorized to notify the district court to assign the inmate to 6 months of follow-up supervision in

community corrections. See K.S.A. 1998 Supp. 21-4603d(e). The 1999 amendments to the statute, effective July 1, 1999, added to the class of inmates eligible for Labette placement and subsequent assignment to community corrections those inmates who had been sentenced for an offense classified in sentencing grid blocks 5-H, 5-I, or 6-G of the nondrug grid and inmates who had been sentenced for an offense classified in grid blocks 3-E, 3-F, 3-G, 3-H, 3-I, 4-E, or 4-F of the sentencing grid for drug crimes.

On January 26, 2001, this court decided *Martin*, 270 Kan. 603. We held that the 1999 amendments to K.S.A. 1999 Supp. 21-4603d(e) were a substantive change in the law: "K.S.A. 1999 Supp. 21-4603d(e) prescribes the punishment for the criminal act; therefore, it is substantive and cannot be applied retroactively to [inmates who committed crimes prior to the effective date of the amendment]." 270 Kan. at 610. *Martin* did not reach the issue of whether K.S.A. 1999 Supp. 21-4603d(e) violated the constitutional separation of powers doctrine by providing that the Secretary may transfer jurisdiction over an inmate to the district court for community corrections supervision after a 6-month placement in Labette.

Agosto, like the inmate in *Martin*, committed his crime prior to the effective date of the 1999 amendments to 21-4603d(e) and was sentenced in a grid block not encompassed by K.S.A. 1998 Supp. 21-4603d(e). On April 5, 2001, this court issued an order to the district attorney and the DOC directing them to brief the effect of *Martin* on the issues presented in this case.

The district attorney responded to this court's order by asserting that the rule of law announced in *Martin* is dispositive of the issues presented here. The DOC responded by urging this court to reverse the *Martin* decision and determine that the 1999 amendments to K.S.A. 21-4603d(e) are procedural and apply retroactively. *Martin* was correctly decided. We respectfully decline to reverse *Martin*.

The prescription for punishment at the time of Agosto's criminal act was provided by K.S.A. 1998 Supp. 21-4603d. Agosto's imprisonment was not a departure. K.S.A. 1999 Supp. 21-4603d(e) prescribes the punishment for a criminal act; therefore, it is substan-

tive and cannot be applied retroactively to Agosto. The district court did not have the power under K.S.A. 1998 Supp. 21-4603d(e) to modify Agosto's sentence, and the issue of the constitutionality of K.S.A. 1999 Supp. 21-4603d(e) was not properly before the court. Because the issue of the constitutionality of K.S.A. 1999 Supp. 21-4603d(e) was not before the court, the district court's determination that K.S.A. 1999 Supp. 21-4603d(e) was constitutional is set aside.

Appeal sustained.