No. 85,393

STATE OF KANSAS, *Appellee*, v. TOISHA P. MOODY, *Appellant*.

(38 P.3d 659)

Opinion filed January 25, 2002.

*Randall L. Hodgkinson*, deputy appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Ian H. Taylor*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

*Timothy G. Madden*, special assistant attorney general, Kansas Department of Corrections, argued the cause and was on the brief for intervenor State of Kansas *ex rel*. Kansas Department of Corrections.

The opinion of the court was delivered by

LOCKETT, J.: Toisha P. Moody entered a guilty plea in 95 CR 1451 to one count of possession of cocaine with intent to sell. The date of the crime was June 10, 1995. Moody was sentenced to serve 18 months in the custody of the Secretary of Corrections and sentenced to 36 months of postrelease supervision. Moody was placed on probation with Community Corrections for 36 months.

Moody later entered a guilty plea in *Case No.* 96 CR 1700 to one count of possession of cocaine and to one violation of the drug tax stamp statute. Those offenses occurred on December 8, 1995. The parties recommended placement with Community Corrections, which would decide Moody's specific placement. Moody was sentenced on April 3, 1997, to probation for 24 months and to 24 months postrelease supervision for the possession count, and to 24 months probation and 24 months postrelease supervision for the failure to possess a drug tax stamp count. The sentences for those counts were to be served consecutively. Those sentences were also to be served consecutive to the sentence in 95 CR 1451.

On October 16, 1997, Moody admitted to violating the terms of her probation after a urine sample tested positive for cocaine use. Upon the recommendation of the parties, the district court judge reluctantly reinstated probation. Moody was to be supervised by Community Corrections and monitored electronically until residential space became available. On April 4, 1998, Moody's probation was revoked after a drug test was positive for cocaine and the defendant admitted to marijuana use.

The Department of Corrections (DOC) placed Moody into Labette pursuant to K.S.A. 21-4603d(e) on January 20, 2000. The State filed a motion requesting that the district court declare K.S.A. 1999 Supp. 21-4603d(e) unconstitutional as it operated to violate the separation of powers doctrine and requested that Moody's placement at Labette be set aside. The DOC intervened. At oral argument, the State mistakenly argued to the district court that K.S.A. 21-4603d(e) did not apply in 95 CR 1451 because the statute that amended section (e) to provide for placement at Labette was not effective until July 1, 1995.

The district court determined that the 1995 amendment to section (e) of K.S.A. 21-4603d was not in effect at the time the first offense was committed on June 10, 1995. The district court sustained the State's motion as to 95 CR 1451 for the June 10, 1995 crimes. The court concluded that a subsequent statute authorizing placement at Labette could not be applied retroactively. The district court then found that portion of the statute which allowed the DOC to place a defendant under Community Corrections after

completion of Labette, even though the district court had previously rejected the option, constituted a usurpation of the court's power. The judge ordered that Moody remain in custody of the DOC until the 18-month sentence imposed in 95 CR 1451 and the remaining 23-month sentences imposed for each count in 96 CR 1700 had been served.

## Effective Statutes

On April 7, 1995, the Kansas Legislature enacted Senate Bill 360, which amended K.S.A. 1994 Supp. 21-4603d(e). The amended section reads:

"(e) The secretary of corrections is authorized to make direct placement to the Labette correctional conservation camp of an inmate sentenced to the secretary's custody if the inmate: (1) Has been sentenced to the secretary for a probation revocation or as a departure from the presumptive nonimprisonment grid block of either sentencing grid; and (2) otherwise meets admission criteria of the camp. If the inmate successfully completes the 180 day conservation camp program, the secretary of corrections shall report such completion to the sentencing court and the county or district attorney. The inmate shall then be assigned by the court to 180 days of follow-up supervision conducted by the appropriate community corrections services program. The court may also order that supervision continue thereafter for the length of time authorized by K.S.A. 21-4611 and amendments thereto." L. 1995, ch. 121, § 1.

The amendment was to take effect and be in force after publication in the Kansas Register. L. 1995, ch. 121, § 7. The amendment was published and became effective on April 20, 1995. 14 Kan. Reg. 541 (1995).

On May 17, 1995, the Kansas Legislature enacted Senate Bill 222, amending K.S.A. 1994 Supp. 21-4603d, as it was amended by Senate Bill 360. L. 1995, ch. 257, § 1. This amendment did not change the language of section (e) of the previous April enactment but did change other provisions of K.S.A. 1994 Supp. 21-4603d concerning restitution. L. 1995, ch. 257, § 1.

The amendment was to take effect and be in force after publication in the statute book, July 1, 1995.

First, we note that section (e) of Chapter 121 of Laws of 1995, which became effective April 20, 1995, governs Moody's crimes prosecuted in 95 CR 1451, committed on June 10, 1995. Chapter

257 of Laws of 1995, which became effective July 1, 1995, governs Moody's crimes committed on December 8, 1995, and prosecuted in Case No. 96 CR 1700. The district court's ruling to the contrary in 95 CR 1451 is incorrect.

### Constitutionality of Statute

The district court determined that K.S.A. 1999 Supp. 21-4603d(e) was unconstitutional. Moody's crimes were committed on June 10, 1995, and December 8, 1995. The penalty for a crime is the penalty provided by statute at the time of the commission of the offense. *State v. Martin,* 270 Kan. 603, 608, 17 P.3d 344 (2001). The 1999 Amendments to K.S.A. 21-4603d(e) prescribe a punishment for a criminal act, are substantive in nature, and cannot be applied retroactively to inmates who committed crimes prior to the effective date of the amendment. See *State v. Agosto,* 271 Kan. 888, 27 P.3d 423, 424 (2001) (interpreting K.S.A. 1999 Supp. 21-4603d[e]). The 1999 amendments which the court declared unconstitutional were not in effect at the time that Moody committed her crimes; therefore, the district court lacked jurisdiction to consider the issues raised.

An appellate court has no jurisdiction to decide an issue which the district court lacked jurisdiction to decide. See *State v. Parker,* 23 Kan. App. 2d 655, 657, 934 P. 2d 987 (1997), *rev. denied* 262 Kan. 967 (1997). Because the issue of the constitutionality of K.S.A. 1999 Supp. 21-4603d(e) was not properly before the district court, the district court's determination that K.S.A. 1999 Supp. 21-4603d(e) was unconstitutional is set aside. See *Agosto,* 271 Kan. at 891.

During oral argument, this court was informed that Moody is no longer subject to the Secretary of Corrections supervision. The district court's oral finding that K.S.A. 21-4603d(e) was not in effect at the time that the crimes in 95 CR 1451 were committed is incorrect. The district court's written ruling to set aside placement at Labette is incorrect. The district court lacked jurisdiction to find in both 95 CR 1451 and 96 CR 1700 that K.S.A. 1999 Supp. 21-4603d(e) was unconstitutional.

Because the district court did not specifically consider the 1995 amendments to 21-4603d and because Moody is no longer subject to supervision, we do not reach the constitutional issue as presented.

Appeal dismissed.

DAVIS, J., not participating.

BRAZIL, Chief Judge Retired, assigned.