No. 88,442

STATE OF KANSAS, *Appellant*, v. MARK WILLIAM LONG, *Appellee*.
(58 P.3d 706)

Opinion filed December 6, 2002.

*Joe Shepack*, county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the brief for appellant.

*Lisa A. Beran*, of Great Bend, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This case comes before us on questions reserved by the State. One of the questions reserved also involves an alternative ruling of the trial court that a criminal statute, K.S.A. 40-3104(d), was unconstitutional, thus invoking the jurisdiction of this court

under K.S.A. 22-3601(b)(2) (appeal as a matter of right in "[a]ny case in which a statute of this state . . . has been held unconstitutional"). K.S.A. 40-3104 relates to motor vehicle liability insurance coverage. Based upon the unique facts of this case, we dismiss the State's appeal because the questions reserved are not of statewide interest important to the correct and uniform administration of the criminal law and because the constitutionality of K.S.A. 40-3104(d) was not properly before the district court.

In the early morning hours of November 17, 2000, Mark William Long was stopped on Interstate Highway 70 by Deputy Sheriff Jim Wilson of the Ellsworth County Sheriff's Department after Deputy Wilson observed the Long vehicle failing to maintain a single lane of traffic. Once stopped, Long backed into Deputy Wilson's police vehicle, causing damage. At the time, Long was driving a vehicle registered to Douglas Jackson. Deputy Wilson issued the following citations to Long: Failure to maintain a single lane of traffic in violation of K.S.A. 8-1522; driving under the influence, second offense, class A misdemeanor in violation of K.S.A. 8-1567; improper backing in violation of K.S.A. 8-1574(b); and no liability insurance, second offense, class A misdemeanor in violation of K.S.A. 40-3104. With the exception of the last charge regarding liability insurance, all other charges were disposed of by nolo contendere pleas and are not involved in this appeal.

At the time the citations were issued, Long presented to the arresting officer an insurance card showing coverage for the vehicle he was driving with an effective date of July 25, 2000, and an expiration date of October 25, 2000. Therefore, according to the card presented by Long, the vehicle he was driving was not covered by insurance. When Long's motion to dismiss was presented to the trial court on January 17, 2002, more than 1 year after the citations were issued, a second document was presented by Long. This document indicated that there existed a policy with Shelter General Insurance Company, demonstrating that the vehicle Long was driving was covered by insurance at the time the citations were issued on November 17, 2000.

As noted above, Long filed a motion to dismiss and set forth a statement of facts which were stipulated to by the State with the

exception of paragraph 5. The facts then considered by the trial court were:

"1. [Long] pled guilty to the other three counts pending against him on August 16, 2001. Sentencing was deferred on those counts until this remaining count is resolved.

"2. A jury trial on this remaining count was scheduled for December 11, 2001, however, counsel agreed to submit the legal issue of statutory interpretation to the Court on stipulated facts for decision.

"3. At the time of his arrest on November 17, 2000, the Defendant was driving a car registered to Douglas Jackson.

"4. The Defendant was involved in a collision with a vehicle belonging to Ellsworth County, Kansas, on November 17, 2000.

"5. Within 10 days of his arrest and the collision, the Defendant provided proof of insurance on the vehicle. This insurance, as evidenced in Exhibit 'A,' was in effect on November 17, 2000, through Shelter General Insurance Company, in the name of the registered owner of the vehicle, Douglas Jackson.

"6. At some point, Ellsworth County submitted a claim to Shelter General Insurance Company for the damage to the county vehicle. This claim was denied.

"7. The defendant also had insurance in effect on his vehicle on November 17, 2000, as evidenced in Exhibit 'B.' This proof of insurance was not provided to Ellsworth County until December 2001.

"8. The Defendant would submit that he is in compliance with K.S.A. 40-3104 and would direct the Court to the following Memorandum in Support of Motion to Dismiss."

With regard to paragraph 5, the record supports the State's position that the additional proof of insurance submitted by Long showing that the vehicle he was driving was covered was not submitted until his motion to dismiss was filed, which was approximately 1 year after the citation was issued. However, the State acknowledged and the court found that at the time of hearing Long's motion to dismiss, Long presented additional documentation showing that insurance coverage for the vehicle existed at the time the citation was issued.

The statute under which Long was charged is K.S.A. 40-3104, which provides in pertinent part:

"(a) Every owner shall provide motor vehicle liability insurance coverage in accordance with the provisions of this act for every motor vehicle owned by such person. . . .

"(b) An owner of an uninsured motor vehicle shall not permit the operation thereof upon a highway or upon property open to use by the public, unless such motor vehicle is expressly exempted from the provisions of this act.

"(c) No person shall knowingly drive an uninsured motor vehicle upon a highway or upon property open to use by the public, unless such motor vehicle is expressly exempted from the provisions of this act.

"(d) Any person operating a motor vehicle upon a highway or upon property open to use by the public shall display, upon demand, evidence of financial security to a law enforcement officer. The law enforcement officer shall issue a citation to any person who fails to display evidence of financial security upon such demand. The law enforcement officer shall attach a copy of the insurance verification form prescribed by the secretary of revenue to the copy of the citation forwarded to the court.

"No citation shall be issued to any person for failure to provide proof of financial security when evidence of financial security meeting the standards of subsection (e) is displayed upon demand of a law enforcement officer. Whenever the authenticity of such evidence is questionable, the law enforcement officer may initiate the preparation of the insurance verification form prescribed by the secretary of revenue by recording information from the evidence of financial security displayed. The officer shall immediately forward the form to the department of revenue, and the department shall proceed with verification in the manner prescribed in the following paragraph. Upon return of a form indicating that insurance was not in force on the date indicated on the form, the department shall immediately forward a copy of the form to the law enforcement officer initiating preparation of the form." K.S.A. 40-3104.

The citation issued contained the following: "4. No Liab. Ins. 2nd Time,'A' Misd. . . . K.S.A. 40-3104." While the officer did not specify any subsection of K.S.A. 40-3104, Long, in his motion to dismiss, assumed that the appropriate charge would be under the provisions of K.S.A. 40-3104(d). He arrived at this conclusion applying the following logic:

"As Mr. Long was not the owner of the vehicle, he must have been charged under 40-3104(c) or (d), although the citation does not specify the subsection. Subsection (c) would not be applicable, as the vehicle was insured. Therefore, Mr. Long is facing a charge of failure to display evidence of financial security to a law enforcement officer, a violation of subsection (d)."

Both Long and the State accepted this assumption and presented the case as if Long had been charged with a violation of K.S.A. 40-3104(d). The trial court accepted this assumption and proceeded to dispose of the case as if Long had been charged

under K.S.A. 40-3104(d). However, the assumption by Long and his contention that he was charged under the provisions of subsection (d) was incorrect.

Careful examination of the traffic citation demonstrates that Long was actually charged under the provisions of K.S.A. 40-3104(c). In charging Long with this violation, Deputy Wilson cites the provisions of K.S.A. 40-3104 without designating a subsection. In describing the charge, Officer Wilson specifies in the traffic citation: "No liab. Ins. 2nd Time, 'A' Misd." This language makes no reference to the requirement in subsection (d) that a defendant shall "display, upon demand, evidence of financial security to a law enforcement officer." K.S.A. 40-3104(d). Rather, the language clearly charges Long, who was not the owner of the vehicle, with having no liability insurance under the provisions of K.S.A. 40-3104(c).

With the understanding that Long was charged with a violation of K.S.A. 40-3104(d), the trial court dismissed the charge:

"THE COURT: Okay. Well, I realize that the way I view my role in this case might be somewhat naive. But it seems to me that the legislative intent behind 40-3104 in all of its labored language is simply to insure that people who drive cars on the highways of Kansas are covered by insurance or are otherwise financially secure.

. . . .

"THE COURT: And it seems to me that the real test here is whether or not Mr. Long has been placing the people of Kansas at risk of being run into by an uninsured driver or not. And that the bottom line, to use accounting technology, is whether or not he had insurance in effect at the date of the accident. If he did have, then he's not guilty; if he didn't have, then he is guilty. . . . There's a whole list of activities that are supposed to occur in these kind of cases set out in the statute [subsection (d)]. Which apparently haven't occurred. I therefore conclude that the motion to dismiss should be granted or in the alternative, that the State has failed to prove by beyond a reasonable doubt that the defendant is guilty by virtue of not having insurance in effect. Or perhaps even thirdly, that perhaps the statute is unconstitutional in that it impermissibly shifts the burden of proof to the defendant requiring him to prove himself innocent rather than the State to prove himself guilty. In any event, it's a perplexing question. A poorly drawn statute and the situation that is best put to an early death. The charge is dismissed."

At the conclusion of the hearing the State reserved two questions:

"The question reserved is, is K.S.A. 40-3104, and in particular subsection D thereof, a constitutional criminal statute and exercise of the police power, as such statute per the ruling of the [trial court] impermissibly shifts the burden of proof from the State to the defendant with respect to the issue of whether or not there is insurance existing and present. Another question reserved as a corollary would be whether [it] is a defense to a prosecution under K.S.A. 40-3104[d] to produce evidence of insurance, proof of insurance, evidence of financial security outside the time frame or ten day window provided for by statute."

On January 23, 2002, the State filed a timely notice of appeal under K.S.A. 2001 Supp. 22-3602(b)(3), question reserved, and under the provisions of K.S.A. 22-3601(b)(2), which vests jurisdiction in the Supreme Court when a statute of this state or the United States has been declared unconstitutional by the trial court.

### Discussion and Analysis

K.S.A. 40-3104 sets forth three separate violations:

"(b) An owner of an uninsured motor vehicle shall not permit the operation thereof upon a highway or upon property open to use by the public, unless such motor vehicle is expressly exempted from the provisions of this act.

"(c) No person shall knowingly drive an uninsured motor vehicle upon a highway or upon property open to use by the public, unless such motor vehicle is expressly exempted from the provisions of this act.

"(d) Any person operating a motor vehicle upon a highway or upon property open to use by the public shall display, upon demand, evidence of financial security to a law enforcement officer. The law enforcement officer shall issue a citation to a person who fails to display evidence of financial security upon such demand."

Instead of designating the specific subsection under K.S.A. 40-3104 that Long was charged with, the officer cited only the statute 40-3104. The failure to designate the specific subsection helped create some of the confusion that later developed when the citation was filed with the court. This case illustrates the necessity of specifying in the citation the exact subsection the defendant is charged with violating.

"The sufficiency of the charging document is measured by whether it contains the elements of the offense intended to be charged, sufficiently apprises the defendant of what he or she must be prepared to meet, and is specific enough to make a subsequent plea of double jeopardy possible. The charging document is sufficient if it substantially follows the language of the statute or charges the

offense in equivalent words or words of the same import." *State v. Smith*, 268 Kan. 222, 226-27, 993 P.2d 1213 (1999).

While the officer referred to the statute without citing the specific subsection, he described the charge as having no liability insurance. Thus, the charging document was sufficient to charge Long, who was not the owner of the vehicle, with a violation of K.S.A. 40-3104(c). The facts surrounding the issuance of the citation support this conclusion, for Long handed the officer a document indicating that the insurance on the vehicle had expired 3 weeks before. K.S.A. 40-3104(d), involving the failure to display, was not charged in this case.

The questions reserved by the prosecution in this appeal assume that Long was charged under the provisions of K.S.A. 40-3104(d), when in fact he was charged with a violation of K.S.A. 40-3104(c). Both questions reserved require answers involving a charge not involved in this case. To add to the confusion, all parties and the trial court in this case seemed to assume that the gist of any possible charges under K.S.A. 40-3104 related to the operation of a vehicle upon the highways of this state without insurance. In fact, the trial court, as noted above, in its decision to dismiss said as much. "If he did have [insurance], then he's not guilty; if he didn't have, then he is guilty." Neither the parties nor the court seemed to acknowledge that K.S.A. 40-3104(d), the subject of the questions reserved, provided for a separate offense of failing to display upon demand evidence of financial security.

Given this basic misunderstanding, and the further fact that the questions reserved by the State relate to a charge not actually involved in this case, we conclude that the trial court's disposition under subsection K.S.A. 40-3104(d) does not amount to an adverse legal ruling on issues of statewide interest important to the correct and uniform administration of criminal laws of this state. See *State v. Roderick*, 259 Kan. 107, Syl. ¶ 1, 911 P.2d 159 (1996). We therefore decline to answer the questions reserved and dismiss the appeal.

Moreover, the alternative ruling of the trial court on the constitutionality of K.S.A. 40-3104(d) was not properly before the trial

court. Because Long was charged under subsection (c) and not (d), the trial court did not have jurisdiction to declare K.S.A. 40-3104(d) unconstitutional. Likewise, we are without jurisdiction to pass judgment on the issue of the constitutionality of K.S.A. 40-3104(d). See *State v. Moody*, 272 Kan. 1199, 1202, 38 P.3d 659 (2002). The trial court's determination that K.S.A. 40-3104(d) was unconstitutional is set aside, and the State's appeal under K.S.A. 22-3601(b)(2) is dismissed.

We further note that the trial court's dismissal of the charge was an appropriate disposition of this case. Long was charged with a violation of K.S.A. 40-3104(c). Upon hearing before the trial court, Long presented a document demonstrating that insurance covered the vehicle he was driving at the time that Officer Wilson issued the citation. Among other reasons given for the dismissal, the trial court determined that the State had not proved beyond a reasonable doubt that Long was driving an uninsured vehicle.

The ruling of the trial court was an appropriate disposition of this case under the provisions of K.S.A. 40-3104(c). The questions reserved involve a charge under K.S.A. 40-3104(d). The trial court ruling based upon its mistaken belief does not present questions of statewide interest important to the correct and uniform administration of the criminal laws of this state. As noted above, the trial court had no jurisdiction to declare a statute not before it unconstitutional. Thus, under the unique circumstances of this case, we dismiss the State's appeal.

Appeal dismissed.