(152 P.3d 667)
No. 96,512

STATE OF KANSAS, *Appellee*, v. JOHN BECK, *Appellant*.

—

Opinion filed March 2, 2007.

*Charles E. Worden*, of Worden Law Office, of Norton, for the appellant.

*R. Douglas Sebelius*, assistant county attorney, and *Phill Kline*, attorney general, for the appellee.

Before MCANANY, P.J., PIERRON, J., and BUKATY, S.J.

PIERRON, J.: John Beck appeals his conviction for operating a vehicle with no proof of liability insurance in violation of K.S.A. 40-3104, a Class B nonperson misdemeanor, and the fine of $300. Beck argues there was insufficient evidence to support his conviction. We affirm.

On August 21, 2005, Beck was stopped for driving 49 mph in a 35 mph speed zone in Norton, Kansas. Beck resides in Holdrege, Nebraska. He was driving a 1993 Jeep. Officer David Schoenberger testified that Beck had a Nebraska driver's license but he was unable to produce proof of motor vehicle liability insurance. Beck initially told Officer Schoenberger that he owned the Jeep. Officer Schoenberger ran a check on the vehicle tags and discovered the tags were registered to another vehicle and that the Jeep was owned by someone else.

Perhaps seeing the need for a tactical maneuver, Beck changed his story. Officer Schoenberger testified Beck then indicated the Jeep belonged to his business partner. His business partner had allegedly borrowed Beck's Ford F-150 and Beck was driving the Jeep so he could return his son to Norton from Holdrege. Beck indicated his business partner had recently purchased the Jeep but had not yet received the title. Officer Schoenberger ticketed Beck for speeding and for failure to produce liability insurance. He testified that he did not issue a citation for improper registration be-

cause he believed Beck's story that Beck was unaware of the Jeep's improper registration. Officer Schoenberger told Beck to fix the improper registration in short order.

Beck did not challenge the speeding ticket, but he contested the charge of no proof of liability insurance under K.S.A. 40-3104. The district court magistrate judge found Beck guilty on both counts. Beck appealed his conviction to district court, and the court conducted a full trial on the matter. At trial, Beck introduced a copy of the insurance documents from Progressive Halcyon Insurance Company (Progressive Insurance) that provided insurance coverage on the two vehicles he owned, a 2000 Pontiac Grand Prix and a 1988 Ford F-150. Beck testified that on the day in question, he believed the Jeep was properly tagged and insured. Officer Schoenberger testified at trial that within the week before trial, he had rechecked the title on the Jeep and the title had not changed within the last 3 years. Further, the Jeep had never been titled in the name of Beck's business partner.

Beck presented evidence of his insurance coverage. Beck's Progressive Insurance policy provided coverage for any nonowned vehicle driven by the policy owner as long as the policy owner had permission, implied or express, from the actual owner of the vehicle. Beck testified he had never spoken with the person who owned the Jeep. Based on the insurance policy provisions, the trial court found Beck never had express or implied permission from the owner to operate the vehicle and his insurance policy did not apply. Consequently, the court found Beck guilty for failing to produce proof of liability insurance under K.S.A. 40-3104 and fined Beck $300.

Beck appeals.

Beck challenges the sufficiency of the evidence supporting his conviction.

" 'When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Kesselring*, 279 Kan. 671, 679, 112 P.3d 175 (2005).

Beck argues K.S.A. 40-3104 sets out a specific intent require-ment for nonowners of vehicles to be convicted of driving without liability insurance—a specific intent of *knowingly driving an un-insured vehicle.* K.S.A. 40-3104(c). Beck argues the undisputed evidence in this case was that he was driving a vehicle that he did not own, he had permission from his business partner to drive the vehicle, he had two properly insured vehicles, and he believed the vehicle he was driving was properly tagged and insured.

The relevant portions of K.S.A. 40-3104 provide that every owner shall provide motor vehicle liability insurance coverage for every motor vehicle they own and the statute sets forth the follow-ing violations regarding motor vehicle liability insurance:

"(b) An owner of an uninsured motor vehicle shall not permit the operation thereof upon a highway or upon property open to use by the public, unless such motor vehicle is expressly exempted from the provisions of this act.

"(c) No person shall knowingly drive an uninsured motor vehicle upon a high-way or upon property open to use by the public, unless such motor vehicle is expressly exempted from the provisions of this act.

"(d) Any person operating a motor vehicle upon a highway or upon property open to use by the public shall display, upon demand, evidence of financial security to a law enforcement officer. The law enforcement officer shall issue a citation to any person who fails to display evidence of financial security upon such demand. The law enforcement officer shall attach a copy of the insurance verification form prescribed by the secretary of revenue to the copy of the ci-tation forwarded to the court."

The court in *State v. Long,* 274 Kan. 1095, 58 P.3d 706 (2002), addressed how the provisions of K.S.A. 40-3104(b), (c), and (d), provide three separate violations of the Kansas Automobile Injury Reparations Act. A defendant can be charged with any one of the three violations. Beck argues that he was charged under K.S.A. 40-3104(c), and thus had to "knowingly drive an uninsured motor vehicle." Neither the facts nor the charging document charged Beck under K.S.A. 40-3104(c). The charging document/citation charged Beck with "NO PROOF" and the statute cited was K.S.A. 40-3104. See K.S.A. 40-3104(d); *Long,* 274 Kan. at 1101 ("Neither the parties nor the court seemed to acknowledge that K.S.A. 40-3104[d], the subject of the questions reserved, provided for a sep-arate offense of failing to display upon demand evidence of finan-

cial security."). The facts in this case only support a charge under K.S.A. 40-3104(d) that Beck failed to provide proof of insurance upon request by Officer Schoenberger and that the officer issued "a citation to any person who fails to display evidence of financial security upon such demand."

There is sufficient evidence to support Beck's conviction pursuant to K.S.A. 40-3104(d). Beck failed to provide the officer with proof of insurance at the time of the stop. At trial, Beck failed to provide any evidence of insurance directly insuring the Jeep. The only possible insurance coverage for the Jeep was collaterally through Beck's insurance policies on his two other vehicles. The trial court correctly found that Beck's insurance policies through Progressive Insurance specifically excluded coverage when Beck was driving vehicles he did not own, unless he had express or implied permission of the "owner" to operate the vehicle. Beck presented no testimony or evidence from the "owner" of the Jeep to establish the permission requirements of the Progressive Insurance policies, and in fact Beck testified that he never talked with the owner or even knew the owner's name.

Affirmed.