NOT DESIGNATED FOR PUBLICATION

No. 119,244

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RODOLFO GAONA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Finney District Court; RICKLIN PIERCE, judge. Opinion filed April 5, 2019.
Affirmed.


*Jaskamal P. Dhillon*, of Jaskamal P. Dhillon, P.A., of Garden City, for appellant.


*Tamara S. Hicks*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and
*Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., MALONE and POWELL, JJ.


PER CURIAM:  Rodolfo Gaona appeals the summary dismissal of his second
K.S.A. 60-1507 motion, arguing both manifest injustice and exceptional circumstances
exist to warrant consideration of his motion. For reasons we more fully explain below, we
find Gaona's claim of ineffective assistance of appellate counsel in his first K.S.A. 60-
1507 motion to be unripe because, at the time the district court considered the claim, the
appeal of his first motion had not yet been completed. We also find his other claims to be
either untimely or successive as Gaona fails to establish the existence of manifest

1

injustice or exceptional circumstances to warrant their consideration. Thus, we affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

The decision from Gaona's direct appeal provides more detail on the underlying factual and legal circumstances surrounding his convictions and sentence. In summary, Gaona's direct appeal resulted in the reversal of one rape conviction, but his remaining convictions and sentence were affirmed. See *State v. Gaona*, 293 Kan. 930, 931-32, 958, 270 P.3d 1165 (2012).

Gaona timely filed his first K.S.A. 60-1507 motion in the district court on February 22, 2013, although the record on appeal does not include the proceedings from that motion. Gaona claimed four grounds for relief: "(1) His trial counsel was ineffective for 10 reasons; (2) his trial counsel's multiple errors deprived him of a fair trial; (3) prosecutorial error deprived him of a fair trial; and (4) cumulative errors deprived him of a fair trial." *Gaona v. State* (*Gaona I*), No. 115,618, 2017 WL 544626, at *2 (Kan. App. 2017) (unpublished opinion). The district court denied the motion after a preliminary hearing, and on February 10, 2017, another panel of our court affirmed. 2017 WL 544626, at *9. On February 22, 2017, Gaona petitioned the Kansas Supreme Court for review of the *Gaona I* decision.

On February 24, 2017—and before our Supreme Court had ruled on his petition for review of the first motion—Gaona filed pro se his second K.S.A. 60-1507 motion. In his second motion, Gaona argued he was entitled to relief on the grounds of ineffective assistance of trial counsel, prosecutorial errors, jury instructional errors, and ineffective assistance of appellate counsel in his first K.S.A. 60-1507 motion. Although Gaona acknowledged that his second motion was both untimely and successive, he argued

2

manifest injustice and exceptional circumstances permitted the district court's review of his second motion.

On March 27, 2017, the district court summarily denied Gaona's second motion without appointing counsel or conducting a preliminary hearing. In summary, the district court denied his first ground for relief—ineffective assistance of trial counsel—as successive with no exceptional circumstances shown under K.S.A. 60-1507(c), as untimely with no manifest injustice shown under K.S.A. 60-1507(f), and on the merits; his second and third grounds—prosecutorial errors and jury instructional errors—as barred by res judicata and as untimely with no manifest injustice shown under K.S.A. 60-1507(f), and on the merits; and his fourth ground for relief—ineffective assistance of appellate counsel in his first K.S.A. 60-1507 motion—as not ripe for review.

Gaona timely appeals. We note that during the pendency of this appeal our Supreme Court denied Gaona's petition for review of *Gaona I* in July 2017.

### DID THE DISTRICT COURT ERR BY SUMMARILY DISMISSING GAONA'S SECOND K.S.A. 60-1507 MOTION?

A.     *Standard of Review*

A district court has three options when reviewing a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented

3

requiring a full hearing.'" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (quoting *Fischer v. State*, 296 Kan. 808, 822-23, 295 P.3d 560 [2013]).

"For a summary dismissal of a K.S.A. 60-1507 motion, the standard of review is de novo. An appellate court must determine whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief." *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

B.      *Did the district court have jurisdiction under the ripeness doctrine?*

The district court denied Gaona's claim of ineffective assistance of his appellate counsel in his first K.S.A. 60-1507 motion as not ripe. Neither party challenged jurisdiction.

Appellate courts have a duty to question jurisdiction on their own initiative and to dismiss if the record discloses a lack of jurisdiction. *Wiechman v. Huddleston*, 304 Kan. 80, 84-85, 370 P.3d 1194 (2016). Whether jurisdiction exists is a question of law over which this court has unlimited review. See *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). "An appellate court has no jurisdiction to decide an issue which the district court lacked jurisdiction to decide." *State v. Moody*, 272 Kan. 1199, Syl. ¶ 3, 38 P.3d 659 (2002).

"Judicial power is limited to 'actual cases and controversies.' *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 898, 179 P.3d 366 (2008) ('[D]espite the differences between our Kansas Constitution and the Constitution of the United States, both limit the judicial power to actual cases and controversies.'). As elements of a case or controversy, standing and ripeness are components of subject matter jurisdiction. See *Sierra Club v. Moser*, 298 Kan. 22, 29, 310 P.3d 360 (2013) ('[S]tanding is a component of subject matter jurisdiction.'); *Sebelius*, 285 Kan. at 896 (noting ripeness as a prerequisite of subject matter jurisdiction)." *KNEA v. State*, 305 Kan. 739, 743, 387 P.3d 795 (2017).

"The doctrine of ripeness is designed to prevent courts from becoming entangled in abstract disagreements. To be ripe, issues must have taken shape and be concrete rather than hypothetical or abstract." 305 Kan. 739, Syl. ¶ 3. "If a disagreement has not yet attained that degree of concreteness, the courts typically will treat a legal action concerning the matter as premature" and dismiss the disagreement until it becomes concrete. *Wilson v. State*, No. 116,318, 2017 WL 3669061, at *2 (Kan. App. 2017) (unpublished opinion).

We find *Wilson* to be helpful in our determination of this issue. There, Wilson appealed the denial of his second K.S.A. 60-1507 motion that reasserted claims from his first K.S.A. 60-1507 motion and raised new claims of ineffective assistance of his first K.S.A. 60-1507 motion's counsel. The district court denied Wilson's second motion before our Supreme Court ruled on his petition for review of our court's decision affirming the district court's summary denial of his first K.S.A. 60-1507 motion.

Of particular importance to us, the *Wilson* panel held that the district court properly dismissed Wilson's claims of ineffective assistance of his K.S.A. 60-1507 counsel as not ripe for review.

"When the district court acted, the Kansas Supreme Court had not yet ruled on the petition for review of the denial of Wilson's first 60-1507 motion. Accordingly, there remained some chance the appellate lawyer would obtain relief for Wilson on his first motion. If that happened, then the lawyer could not be found to have provided substandard representation. See *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (Sixth Amendment violation requires proof of inadequate representation and actual prejudice); *Chamberlain v. State*, 236 Kan. 650, Syl. ¶¶ 3, 4, 694 P.2d 468 (1985) (adopting and stating *Strickland* standard). In short, success pretty much negates an ineffectiveness claim. So until the lawyer handling the appeal of the first 60-1507 motion failed to get relief for Wilson and had no further avenues of

5

recourse, any claims based on her purportedly inadequate representation would not be ripe." 2017 WL 3669061, at *2.

Gaona does not address the ripeness problem in his brief but, instead, argues the district court erred in refusing to review his claims of ineffective assistance of appellate counsel in his first K.S.A. 60-1507 motion. He claims the district court could use the *Gaona I* decision to find his appellate counsel ineffective for inadequate briefing. The *Gaona I* panel found Gaona's brief "woefully insufficient" for not citing to the record for factual support, for providing no pertinent authority to support his arguments, and for not explaining why his arguments were sound despite the lack of authority, and stated: "The complete lack of argument in Gaona's brief justifies an outright dismissal of this appeal." 2017 WL 544626, at *2.

Gaona's arguments are unavailing. Because our Supreme Court had not yet ruled on his petition for review of his first K.S.A. 60-1507 motion, the district court properly dismissed Gaona's claim of ineffective assistance of appellate counsel in his first K.S.A. 60-1507 motion as not ripe for review.

C.      *Were Gaona's other claims untimely?*

In addition to Gaona's claim of ineffective assistance of appellate counsel in his first K.S.A. 60-1507 motion, Gaona's second K.S.A. 60-1507 motion also argues that his trial counsel's ineffectiveness, prosecutorial error, and jury instructional error deprived him of a fair trial.

Under K.S.A. 2018 Supp. 60-1507(f), Gaona had one year from the date the mandate was issued in his direct appeal to file a motion under K.S.A. 60-1507. It is undisputed that these other claims are untimely because Gaona filed his second K.S.A. 60-1507 motion in February 2017, but the mandate for his direct appeal was issued in

6

March 2012, meaning Gaona had only until March 2013 to file a timely K.S.A. 60-1507 motion.

However, the one-year deadline "may be extended by the court only to prevent a manifest injustice." K.S.A. 2018 Supp. 60-1507(f)(2).

> "(A) For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

Gaona briefly argues that all prior counsel, including his trial counsel, were ineffective in failing to present a theory of defense and failing to adequately state his theory of defense that his family set him up on the criminal charges because of a "hate vendetta" against him. According to Gaona, such circumstances establish manifest injustice for bringing his second motion. But these assertions fail to support any argument as to why Gaona waited several years to assert his untimely claims. Specifically, Gaona does not explain how his appellate counsel's inadequate briefing for his first K.S.A. 60-1507 motion's appeal delayed him from asserting his claims within the one-year deadline.

Gaona also argues on appeal we should review his untimely motion to prevent a manifest injustice because he lacks legal knowledge, training, and familiarity with the rules of procedure. But, "'a pro se K.S.A. 60-1507 [movant] is in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel.'" *Clemons v. State*, 39 Kan. App. 2d 561, 567, 182 P.3d 730 (2008) (quoting *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 [2007]), *rev. denied* 286 Kan. 1176 (2008). Other panels of our court have considered this issue and have found that a movant's lack of knowledge on legal

issues does not amount to manifest injustice. See *Little v. State*, No. 119,167, 2019 WL 985415, at *4 (Kan. App. 2019) (unpublished opinion); *Dupree v. State*, No. 116,693, 2018 WL 1440515, at *4 (Kan. App.) (unpublished opinion), *rev. denied* 308 Kan. 1593 (2018); *Gholston v. State*, No. 116,114, 2017 WL 4558230, at *4 (Kan. App. 2017) (unpublished opinion), *rev. granted* 308 Kan. 1594 (2018).

Thus, Gaona fails to establish the manifest injustice necessary to justify our consideration of his untimely K.S.A. 60-1507 motion.

D.      *Were Gaona's other claims successive?*

"Under K.S.A. 60-1507(c), a sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. To avoid having a second or successive K.S.A. 60-1507 motion dismissed as an abuse of remedy, the movant must establish exceptional circumstances. 'Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion.' The burden to make such a showing lies with the movant. [Citations omitted.]" *Beauclair*, 308 Kan. at 304.

"Ineffective assistance of counsel can qualify as an exceptional circumstance." *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

Under Kansas Supreme Court Rule 183(d) (2019 Kan. S. Ct. R. 230):

"(d) A sentencing court may not consider a second or successive motion for relief by the same movant when:
(1) the ground for relief was determined adversely to the movant on a prior motion;
(2) the prior determination was on the merits; and
(3) justice would not be served by reaching the merits of the subsequent motion."

8

Gaona mainly argues the district court could have viewed his K.S.A. 60-1507 appellate counsel's ineffectiveness as found in *Gaona I* as an exceptional circumstance warranting review of his second K.S.A. 60-1507 motion. But Gaona cannot establish exceptional circumstances resulting from the *Gaona I* decision. Gaona's second motion raises claims of ineffective assistance of trial or appellate counsel, jury instructional errors, and prosecutorial errors. In *Gaona I*, even though his appellate counsel may not have briefed every issue from his first K.S.A. 60-1507 motion on appeal and despite his appellate counsel's inadequate briefing, the panel reviewed and denied all of Gaona's claims on the merits. See 2017 WL 544626, at *2-9. Moreover, Gaona fails to show, even if the arguments had been made, how the appeal of his first K.S.A. 60-1507 motion might have been successful. And perhaps most important, Gaona fails to establish how any alleged ineffectiveness on the part of his appellate counsel in his first K.S.A. 60-1507 motion prevented him from raising his present claims in his first motion.

Gaona also briefly argues that all of his prior counsels were ineffective like his trial counsel for presenting no theory or inadequately presenting his theory of defense that his family had a "hate vendetta" against him and set him up on the criminal charges. Again, such an argument fails to address why the claims he raises in his current K.S.A. 60-1507 motion could not have been raised in his first motion. In short, Gaona's arguments do not establish exceptional circumstances warranting our consideration of his second and successive motion under K.S.A. 60-1507. The district court did not err in summarily dismissing his motion.

Affirmed.

9