No. 64,480

STATE OF KANSAS, *Appellee*, v. STEPHEN W. SYLVA, *Appellant*.

(804 P.2d 967)

Opinion filed January 18, 1991.

*Rick Kittel*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Rebecca D. Brock*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Stephan W. Sylva ·entered guilty pleas to one count each of attempted sale of cocaine (K.S.A. 1987 Supp. 65-

4107[b][5], K.S.A. 65-4127a, and K.S.A. 21-3301) and attempted sale of marijuana (K.S.A. 1987 Supp. 65-4105[d][13], K.S.A. 65-4127b[b][3], and K.S.A. 21-3301). He received sentences of two years to five years on each count, said sentences to be served concurrently. The offenses are class D felonies and the concurrent two- to five-year sentences do not constitute the minimum authorized sentences herein as neither offense is one specified in articles 34, 35, or 36 of chapter 21 of the Kansas Statutes Annotated. The lowest sentences which could be imposed are one year to five years on each count. See K.S.A. 21-4501(d).

In this direct appeal from the trial court's denial of his motion to modify the sentences defendant contends he is entitled to probation as a matter of law pursuant to K.S.A. 1989 Supp. 21-4603(3)(a) and K.S.A. 1989 Supp. 21-4606a. The Court of Appeals affirmed the sentences on the grounds that both statutes operated prospectively, and defendant was properly sentenced under the law as it existed at the time of the commission of the offenses herein. *State v. Sylva*, 14 Kan. App. 2d 609, 795 P.2d 947 (1990). The matter is before us on petition for review.

In *State v. Hutchison*, 228 Kan. 279, 615 P.2d 138 (1980), we set forth the rules of statutory construction pertinent herein as follows:

"The general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively." Syl. ¶ 6.

"The foregoing rule of statutory construction is modified where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties." Syl. ¶ 7.

"As related to criminal law and procedure, *substantive law* is that which declares what acts are crimes and prescribes the punishment therefor; whereas *procedural law* is that which provides or regulates the steps by which one who violates a criminal statute is punished." Syl. ¶ 8.

The penalty for a criminal offense is the penalty provided by statute at the time of the commission of the offense. *Kelsey v. State*, 194 Kan. 668, 670, 400 P.2d 736 (1965).

We shall apply these rules to the two statutes before us.

### K.S.A. 1989 Supp. 21-4603(3)(a)

K.S.A. 1989 Supp. 21-4603(3)(a) provides that at any time within 120 days of sentencing the district court shall modify a sentence imposed "if recommended by the state reception and

diagnostic center unless the court finds that the safety of the public will be jeopardized and that the welfare of the inmate will not be served by such modification." K.S.A. 1989 Supp. 21-4603 became effective July 1, 1989. The report filed by the State Reception and Diagnostic Center (SRDC) recommended Sylva "be considered a candidate for probation."

Prior to the 1989 amendment, K.S.A. 21-4603(3) provided that the court *may* modify a sentence. As amended, the court *shall* modify a sentence if recommended by the SRDC unless the court makes the required findings.

This issue is controlled by *State v. Sutherland* 248 Kan. 96, 804 P.2d 970 (1991), wherein we held that K.S.A. 1989 Supp. 21-4603(3)(a) made a substantive change in the law and is to be applied prospectively. Inasmuch as the crimes herein were committed in 1988, the statute does not apply. Additionally, even if the 1989 amendment had been applicable, the trial court would not have been required to grant probation as the statute speaks in terms of modification by imposing a less severe penalty "in lieu of that originally adjudged within statutory limits." The recommendation of the SRDC requires the court to reduce the term of incarceration unless the court makes the requisite findings.

### K.S.A. 1989 Supp. 21-4606a

K.S.A. 1989 Supp. 21-4606a also became effective on July 1, 1989. It provides:

"The presumptive sentence for a person who has never before been convicted of a felony, but has now been convicted of a class D *or* E felony *or convicted of an attempt to commit a class D felony* shall be probation, unless the conviction is of a crime specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated *or the crime is a felony violation of K.S.A. 65-4127b, and amendments thereto, which involved the manufacture, sale, offer for sale or possession with intent to sell such controlled substances.* In determining whether to impose the presumptive sentence, the court shall consider any prior record of the person's having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult. *If the presumptive sentence provided by this section is not imposed, the provisions of K.S.A. 1989 Supp. 21-4606b shall apply.*" (Italics indicates 1989 amendments.)

In applying the rules of statutory construction previously stated, it is clear that K.S.A. 1989 Supp. 21-4606a is substantive in nature. It concerns the penalty to be imposed for the offense to

which it applies. Prospective application is, therefore, appropriate. Our rule that the penalty parameters for an offense are fixed as of the date of the commission of the offense is fair, logical, and easy to apply. Neither the State nor a defendant may maneuver a sentencing date to take advantage of or avoid a change in a statute.

The crimes herein were committed in March of 1988 and are class D felonies. K.S.A. 21-4606a, the presumptive sentencing statute in the form in effect in 1988, did not apply to class D felonies and, hence, is inapplicable to the offenses herein.

The judgment of the Court of Appeals is affirmed. The judgment of the district court is affirmed.

ABBOTT, J., not participating.