Don L. Scott Seward County Attorney Seward County Courthouse 415 N. Washington Liberal, Kansas 67901
Dear Mr. Scott:
As Seward county attorney, you request our opinion concerning the recent amendment to K.S.A. 1993 Supp. 8-1567. Specifically, you inquire as to whether a person charged with or convicted of driving while intoxicated for the third or subsequent time between the dates of July 1, 1993, and July 1, 1994, is to serve the sentence in the custody of the state department of corrections or in the local county jail.
Prior to the 1994 legislative session, K.S.A. 1993 Supp. 8-1567
read as follows:
 "On the third or a subsequent conviction of a violation of this section, a person shall be guilty of a severity level 9, nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,000 nor more than $2,500."
Prior to the 1994 legislative session, this statute stood in apparent conflict with the authorized disposition statutes under the newly enacted sentencing guidelines. For a level 9 nonperson felony, the presumptive disposition for a third and subsequent DUI conviction was nonimprisonment. K.S.A. 1993 Supp. 21-4703(i). Our office was called upon to consider this conflict. In determining that the legislature intended to apply the more specific statute, we opined:
 "A third or subsequent conviction for driving under the influence of alcohol or drugs is a non-grid felony which is punishable by imprisonment in a state penal institution for a minimum of 90 days." Attorney General Opinion No. 94-43.
Because of legislative changes made during the 1994 legislative session, the conclusions reached in Attorney General Opinion No. 94-43, as far as they are inconsistent with this opinion, are hereby withdrawn.
The current DUI statute, K.S.A. 1993 Supp. 8-1567, as amended by L. 1994, ch. 291, § 2 provides:
 "On the third or a subsequent conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,000 nor more than $2,500."
By removing the language that the third or subsequent DUI conviction is a "severity level 9" crime, the conflict between the DUI statute and the authorized disposition statutes no longer exists. Further clarifying the issue, the legislature added the following section:
 "(i) The sentence for the violation of the felony provision of K.S.A. 8-1567 and amendments thereto shall be as provided by the specific mandatory sentencing requirements of that section and shall not be subject to the provisions of this section or K.S.A. 1993 Supp. 21-4707 and amendments thereto. Notwithstanding the provisions of any other section, the term of imprisonment imposed for the violation of the felony provision of K.S.A. 8-1567 and amendments thereto shall not be served in a state facility in the custody of the secretary of corrections." (Emphasis added). K.S.A. 1993 Supp. 21-4704 as amended by L. 1994, ch. 291, § 50.
Hence, the critical question is whether the above amended statute applies to a DUI offender whose crime was committed before July 1, 1994.
 "`The general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively.' Syl. ¶ 6.
 "`The foregoing rule of statutory construction is modified where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties.' Syl. ¶ 7.
 "As related to criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes the punishment therefor; whereas procedural law is that which provides or regulates the steps by which one who violates a criminal statute is punished.' Syl. ¶ 8." State v. Sylva, 248 Kan. 118, 119 (1991), quoting State v. Hutchinson, 228 Kan. 279
(1980). (Emphasis in original).
The new subsection (i) does not affect the substantive rights of the parties. It does not change what acts are crimes nor the punishment. It merely specifies the facility where the defendant will serve the term of imprisonment. It is therefore our opinion that the above subsection (i) is procedural in nature and should be applied retroactively to crimes committed before July 1, 1994.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas