No. 91,963

STATE OF KANSAS, *Appellee*, v. RUBEN DE LA CERDA, *Appellant*.

109 P.3d 1248

Opinion filed April 22, 2005.

*Randall L. Hodgkinson*, deputy appellate defender, argued the cause and was on the briefs for appellant.

*Laura E. Allen*, assistant county attorney, argued the cause, and *Vernon E. Buck*, assistant county attorney, *Marc Goodman*, county attorney, and *Phill Kline*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Ruben de la Cerda pled guilty to one count of possession of cocaine after a previous conviction pursuant to K.S.A. 65-4160. Subsequently, the Kansas Legislature enacted S.B. 123, statutory sentencing amendments, which became effective prior to sentencing in this case. See L. 2003, ch. 135. The district court sentenced the defendant under the statute which was effective on the date of the commission of the crime. The defendant appeals, claiming that S.B. 123 applies. We affirm.

The defendant was charged with one count of possession of cocaine after a previous cocaine conviction and possession of drug paraphernalia regarding an incident that occurred on October 18, 2002. The defendant pled guilty to possession of cocaine after a previous conviction in violation of K.S.A. 65-4160 in exchange for the dismissal of the possession of drug paraphernalia charge. The parties agreed to jointly recommend a dispositional departure to community corrections probation.

The defendant did not appear for the original sentencing hearing scheduled for April 24, 2003, and a bench warrant was issued. He was taken into custody on August 16, 2003, and sentencing was scheduled for October 31, 2003. At this hearing, in support of the motion for dispositional departure, the defense pointed out to the court that if the defendant was sentenced the next day, S.B. 123 (L. 2003, ch. 135, sec. 1) would control, with a sentence to community corrections, placement in a drug treatment program, and an underlying term of imprisonment in the category 4-D. The district court continued the sentencing hearing on its own motion until December 17, 2003, in order to resolve issues raised concerning the defendant's request for a dispositional departure and defendant's failure to appear for his original sentencing.

Prior to sentencing, the defendant filed a motion for durational departure on the basis of S.B. 123. The defendant argued that S.B. 123 made his crime a severity level 4-D nonperson felony instead of a level 2-D nonperson felony. He further argues that he fits the target population of S.B. 123, which calls for drug treatment instead of incarceration for certain offenders.

At the sentencing hearing on December 16, 2003, the district court disagreed and denied the defendant's motions for dispositional and durational departure. The court sentenced the defendant to 51 months' imprisonment with a postrelease supervision period of 36 months, consistent with the law in effect at the time the defendant committed his offenses, K.S.A. 2002 Supp. 21-4705. We transferred the case by our own motion pursuant to K.S.A. 20-3018(c).

**Is the defendant entitled to application of the statutory provisions enacted by S.B.123?**

S.B. 123 enacted K.S.A. 2003 Supp. 21-4729, which provides:

"On and after November 1, 2003: (a) There is hereby established a nonprison sanction of certified drug abuse treatment programs for certain *offenders who are sentenced on or after November 1, 2003.* Placement of offenders in certified drug abuse treatment programs by the court shall be limited to placement of adult offenders, convicted of a felony violation of K.S.A. 65-4160 or 65-4162, and amendments thereto:

"(1) Whose offense is classified in grid blocks 4-E, 4-F, 4-H or 4-I of the sentencing guidelines grid for drug crimes and such offender has no felony conviction of K.S.A. 65-4142, 65-4159, 65-4161, 65-4163 or 65-4164, and amendments thereto or any substantially similar offense from another jurisdiction." (Emphasis added.)

Effective November 1, 2003, S.B. 123 amended K.S.A. 2003 Supp. 21-4603d to provide:

"(n) Except as provided by subsection (f) of K.S.A. 21-4705, and amendments thereto, in addition to any of the above, for felony violations of K.S.A. 65-4160 or 65-4162, and amendments thereto, the court shall require the defendant who meets the requirements established in K.S.A. 2003 Supp. 21-4729, and amendments thereto, to participate in a certified drug abuse treatment program, as provided in K.S.A. 2003 Supp. 75-52,144, and amendments thereto, including but not limited to, an approved after-care plan."

S.B. 123 also amended K.S.A. 2003 Supp. 65-4160 to eliminate enhanced severity level offenses for persons violating the statute and provided that violation of the statute was a drug severity level 4 felony. However, this amendment also did not take effect until November 1, 2003. See L. 2003, ch. 135, sec. 7.

Under the facts of this case, substantial differences exist between the prior law and the enactment of S.B. 123. In October 2002, the time the offense was committed in this case, possession of cocaine with a prior conviction was a severity level 2 drug felony. See K.S.A. 65-4160(b). Coupled with the defendant's criminal history score of H, the presumptive prison sentencing range was 49 to 54 months. K.S.A. 2002 Supp. 21-4705. In contrast, application of S.B. 123 to this case would classify the defendant's conviction as a severity level 4 drug felony with a presumptive nonprison sanction of certified drug abuse treatment and an underlying presumptive prison term range of 12 to 14 months. See K.S.A. 2003 Supp. 21-4705; K.S.A. 2003 Supp. 21-4729(a); K.S.A. 2003 Supp. 65-4160(a).

The defendant argues that the S.B. 123 enactments clearly and explicitly apply to "offenders who are sentenced on or after November 1, 2003," and because he was sentenced on December 16, 2003, and falls within the target population, he should have been sentenced pursuant to statutes amended by S.B. 123. The State counters that the defendant should be sentenced under the statute in effect at the time the offense was committed and that he should not benefit from his own actions which caused sentencing to be delayed from April 2003 until December 2003.

Interpretation of a statute is a question of law over which appellate courts exercise unlimited review. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003). As a fundamental rule of statutory interpretation, the court must look for the legislature's intent. The court presumes that the legislature expressed its intent through the language of the statutory scheme. If the language is plain and unambiguous, the court must give effect to the language as written without determining what the law should or should not be. *State v. Gordon*, 275 Kan. 393, 397, 66 P.3d 903 (2003). Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in it. 275 Kan. at 397.

The defendant argues that the plain language of K.S.A. 2003 Supp. 21-4729(a) clearly establishes a "nonprison sanction of certified drug abuse treatment programs for certain offenders who are

*sentenced* on or after November 1, 2003." (Emphasis added.) In this case, the defendant would seemingly fall under the plain language of the statute because he was convicted of K.S.A. 65-4160, and was sentenced on December 16, 2003.

However, the plain language of the statute further provides that the offense must be classified in grid block 4-H based on the facts of this case. See K.S.A. 2003 Supp. 21-4729(a)(1). At the time the defendant committed the offense of possessing cocaine with a prior conviction, it was categorized as a drug severity level 2 offense and his sentencing score was a 2-H. See K.S.A. 65-4160. Although K.S.A. 2003 Supp. 65-4160 now classifies this same offense as a drug severity level 4 felony, this statute did not take effect until November 1, 2003. L. 2003, ch. 135, sec. 7.

The penalty for a criminal offense is the penalty provided by statute at the time of the commission of the offense. The prescription of a punishment for a criminal act is substantive, not procedural, law. *State v. Martin,* 270 Kan. 603, 608, 17 P.3d 344 (2001). " 'The general rule of statutory construction is that a statute will operate prospectively *unless its language clearly indicates that the legislature intended that it operate retrospectively.'* " (Emphasis added.) 270 Kan. at 608-09 (quoting *State v. Sylva,* 248 Kan. 118, 119, 804 P.2d 967 [1991]); see also *State v. Reason,* 263 Kan. 405, 417, 951 P.2d 538 (1997) ("In applying [K.S.A.] 21-4705, the critical date is the date of the crime, not the sentencing date, absent express legislative intent to the contrary.").

Nowhere in the statutory language of K.S.A. 2003 Supp. 65-4160 does it provide that its provisions have any retroactive effect on the severity level of prior convictions under earlier versions of the statute. Absent express legislative intent that the change in severity level was meant to apply retroactively, the defendant's criminal history score remains a 2-H. As the defendant's offense is classified in grid block 2-H, he does not qualify for a nonprison sanction under K.S.A. 2003 Supp. 21-4729.

This conclusion is supported by the legislative history and the Kansas Sentencing Commission's interpretation of S.B. 123. Although the bill was initially proposed to be retroactive, including language which would have clearly modified the severity level of

the offense in this case, the Legislature decided to remove all provisions regarding retroactivity from the bill. See S.B. 123 with amendments, p. 4; Minutes of the Senate Judiciary Committee, February 12, 2003, attachment 11-1; 14-1. The addition of the "[o]n or after November 1, 2003" language to K.S.A. 2003 Supp. 21-4729 and the same effective date for K.S.A. 2003 Supp. 65-4160 appear to be a response to KDOC's concern that it would not be able to have the treatment facilities ready by July 2003 when the bill would be published in the Kansas Register, rather than an attempt to provide for retroactivity. See Minutes of the Senate Judiciary Committee, February 12, 2003, attachment 7-4; Minutes of the Senate Judiciary Committee, February 24, 2003, KDOC Comments on Specific Sections of S.B. 123, p. 9-2 ("We do not believe it is feasible for this bill to be effectively implemented upon publication in the Kansas register."). These actions demonstrate an intent not to include offenders who were convicted of violating 65-4160 prior to November 1, 2003.

The Kansas Sentencing Commission similarly interprets the bill in its implementation manual: "There is *no provision for retroactivity* in the legislation. Existing sentences will not be converted. Only those offenders sentenced on or after November 1, 2003, and *who meet the target population*, will be eligible to receive funds allocated for treatment under this legislation." (Emphasis added.) Kansas Sentencing Commission, Senate Bill 123: Alternative Sentencing Policy for Drug Offenders-Implementation Manual, p. 55 (October 2003). As discussed above, the defendant's classification in the 2-H drug grid removes him from the target population under K.S.A. 2003 Supp. 21-4729(a)(1).

In conclusion, the defendant's conviction does not qualify for sentencing under K.S.A. 2003 Supp. 21-4729, even though he was sentenced after November 1, 2003, because his conviction was classified as a severity level 2 drug felony under K.S.A. 65-4160(b). Moreover, K.S.A. 2003 Supp. 65-4160 does not demonstrate a legislative intent to retroactively alter the severity level of a conviction under an earlier version of the statute. Absent this intent, the penalty for a criminal offense is the penalty provided by statute at the time of the commission of the offense. See *Martin*, 270 Kan. at

608-09. As such, the district court did not err by calculating the defendant's criminal history score as 2-H and imposing a presumptive mid-range 51-month prison sentence.

Affirmed.

GERNON, J., not participating.

LARSON, S.J., assigned.