NOT DESIGNATED FOR PUBLICATION

Nos. 118,821
118,822

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER M. CHURCHILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed March 8, 2019. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Christopher M. Churchill appeals his sentences in two consolidated cases, claiming that his sentences are illegal. Specifically, Churchill argues that the district court erred by including a juvenile adjudication in his criminal history, claiming that it had decayed based on the 2016 amendments to K.S.A. 21-6810. But as we will explain in this opinion, the 2016 statutory amendments did not apply retroactively to Churchill's two cases, so the district court did not err in imposing the sentences.

1

In 16CR679, Churchill was convicted of one count of possession of methamphetamine. The district court sentenced Churchill to 26 months' imprisonment and granted probation for 18 months.

In 16CR1350, Churchill was convicted of one count of aggravated battery. The district court sentenced Churchill to 29 months' imprisonment and granted probation for 24 months. The district court ordered the sentences in the two cases to run consecutively. The district court included Churchill's 2004 juvenile adjudication of residential burglary in calculating his criminal history score in both cases.

On November 8, 2017, the district court revoked Churchill's probation in each case. The district court ordered Churchill to serve a modified sentence of 18 months' imprisonment in 16CR679. The district court ordered Churchill to serve his original sentence in 16CR1350. Churchill appealed, and the two cases have been consolidated.

Churchill now challenges his sentences in both cases, arguing that the district court imposed illegal sentences because it miscalculated his criminal history scores. The crux of Churchill's argument is that his 2004 juvenile adjudication of residential burglary decayed based on the 2016 amendments to K.S.A. 2015 Supp. 21-6810. As a result, Churchill now asserts that his sentences are illegal within the meaning of K.S.A. 2018 Supp. 22-3504.

The State contends that the 2016 statutory amendments do not apply retroactively to decay Churchill's prior person felony adjudication of residential burglary. As a result, the State asserts that the district court correctly included Churchill's residential burglary adjudication in his criminal history and imposed a legal sentence in each case.

Under K.S.A. 2018 Supp. 22-3504(3), an "illegal sentence" means a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable

statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." Whether a sentence is illegal within the meaning of K.S.A. 2018 Supp. 22-3504(3) is a question of law over which an appellate court has unlimited review. *State v. Cotton*, 306 Kan. 156, 158, 392 P.3d 116 (2017).

Churchill did not timely appeal his original sentences, and he is now claiming that his sentences are illegal for the first time on appeal from his probation revocation. But based on the legislative mandate that "[t]he court may correct an illegal sentence at any time," we will consider Churchill's claim for the first time in this appeal. See K.S.A. 2018 Supp. 22-3504(1); *State v. Dickey*, 301 Kan. 1018, 1027, 350 P.3d 1054 (2015).

Churchill asserts that the district court should not have considered his 2004 juvenile residential burglary adjudication in his criminal history scores because it had decayed. He argues that the district court did not comply with the 2016 amendments to K.S.A. 21-6810(d)(3)(B) and (d)(4)(B), the provisions that direct which juvenile adjudications can and cannot decay, when calculating his criminal history scores.

Churchill recognizes that he committed his current crimes before the 2016 legislative amendments became effective. When Churchill committed his crimes, K.S.A. 2015 Supp. 21-6810(d)(3)(B) read as follows: "There will be no decay factor applicable for: . . . a juvenile adjudication for an offense which would constitute a person felony if committed by an adult." Thus, if the 2015 version of K.S.A. 21-6810(d)(3)(B) applied, the district court correctly considered Churchill's juvenile residential burglary adjudication in calculating his criminal history scores because a residential burglary is a person felony.

The 2016 amendment to K.S.A. 21-6810(d)(3)(B) stated: "There will be no decay applicable for: . . . a juvenile adjudication for an offense which would constitute a

3

nondrug severity level 1 through 4 person felony if committed by an adult." L. 2016, ch. 97, § 1. The 2016 amendment to K.S.A. 21-6810(d)(4)(B) stated in part:  "[A] juvenile adjudication will decay if the current crime of conviction is committed after the offender reaches the age of 25, and the juvenile adjudication is for an offense:  . . . which would be a nondrug severity level 5 through 10 . . . felony, if committed by an adult." L. 2016, ch. 97, § 1. Churchill, who is now at least 25 years old, argues that because his juvenile residential burglary adjudication was a severity level 7 person crime, the district court erred by including it in his criminal history for sentencing purposes. See K.S.A. 2015 Supp. 21-5807(c)(1)(A).

Resolving Churchill's claim depends on whether the 2016 statutory amendments to the juvenile decay rules apply retroactively to his cases. "[I]t is a fundamental rule of sentencing that the penalty parameters for a crime are established at the time the crime was committed." *State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015). Usually, statutes operate prospectively unless (1) the Legislature included clear language that it intended the statute to operate retroactively, or (2) the Legislature has enacted a procedural or remedial provision that does not affect the parties' substantive rights. *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 (2016).

Penalty provisions are substantive and usually apply prospectively. See *State v. Martin*, 270 Kan. 603, 608-09, 17 P.3d 344 (2001). As a result, to succeed on appeal, Churchill must establish that the Kansas Legislature included clear language that it intended the 2016 amendments to the juvenile decay rules to operate retroactively. Churchill argues that the Legislature included this language. To determine whether Churchill is correct, we must review some recent Kansas caselaw and legislative history.

We begin with a Kansas Supreme Court case that has nothing to do with the juvenile decay rules. In *State v. Murdock*, 299 Kan. 312, Syl. ¶ 5, 323 P.3d 846, *overruled by Keel,* 302 Kan. 560, Syl. ¶ 9, our Supreme Court held that when calculating

a defendant's criminal history that includes out-of-state convictions committed before the enactment of the Kansas Sentencing Guidelines Act (KSGA), the out-of-state convictions must be classified as nonperson offenses because Kansas crimes were not classified as either person or nonperson offenses before the KSGA was enacted. The holding in *Murdock* was short-lived. In *Keel*, the court overruled *Murdock* and held that "the classification of a prior conviction or juvenile adjudication for criminal history purposes under the KSGA must be based on the classification in effect for the comparable offense *when the current crime of conviction was committed*." (Emphasis added.) *Keel*, 302 Kan. 560, Syl. ¶ 9.

But even before our Supreme Court filed its decision in *Keel*, the 2015 Kansas Legislature had already addressed the *Murdock* holding by amending K.S.A. 21-6810(d)(2) to provide: "Prior adult felony convictions for offenses that were committed before July 1, 1993, shall be scored as a person or nonperson crime using a comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed." L. 2015, ch. 5, § 1. This 2015 statutory amendment became known as the "*Murdock* fix." When the *Murdock* fix was enacted, the Kansas Legislature also amended the statute to provide: "The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." L. 2015, ch. 5, § 1. This retroactive provision was codified at K.S.A. 2015 Supp. 21-6810(e).

Next, as we have already discussed, the 2016 Kansas Legislature amended the juvenile decay rules in K.S.A. 21-6810(d)(3) and (4). See L. 2016, ch. 97, § 1. In enacting the 2016 amendments to the juvenile decay rules, the Kansas Legislature included no new language expressing a legislative intent that the 2016 statutory amendments should operate retroactively. Of course, a retroactivity provision had already been codified at K.S.A. 21-6810(e) when the *Murdock* fix was enacted in 2015.

Finally, in 2017, the Kansas Legislature amended subsection (e) of K.S.A. 21-6810 to clarify that "[t]he amendments made to this section by section 1 of chapter 5 of the 2015 Session Laws of Kansas are procedural in nature and shall be construed and applied retroactively." L. 2017, ch. 92, § 5. Thus, the Legislature amended subsection (e) to clarify that the retroactivity provision applies only to the 2015 amendments to K.S.A. 21-6810 and not to the 2016 amendments to K.S.A. 21-6810.

Churchill's brief cites the retroactivity provision in K.S.A. 2015 Supp. 21-6810(e) and recognizes that this language was first inserted into the statute as part of the Legislature's 2015 *Murdock* fix. But Churchill goes on to argue that "the legislature seems to have made a conscious decision not to limit K.S.A. 21-6810(e)'s retroactivity provision to its *Murdock* fix amendments." As a result, Churchill argues that the retroactivity language in the 2015 statutory amendments also applies to the 2016 statutory amendments to the juvenile decay rules. Churchill's brief does not mention the 2017 amendment to K.S.A. 21-6810(e) that expressly limits the retroactivity language to the 2015 statutory amendments.

Our court has repeatedly rejected the argument Churchill makes in this appeal. See, e.g., *State v. Maples*, No. 116,366, 2018 WL 1127568, at *9-11 (Kan. App.) (unpublished opinion), *rev. denied* 308 Kan. 1599 (2018); *State v. Anhorn*, No. 116,655, 2017 WL 4848183, at *2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. 1596 (2018); *Parker v. State*, No. 115,267, 2017 WL 947821, at *3 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. 1595 (2018); *State v. Martinez*, No. 116,175, 2017 WL 3947378, at *11-12 (Kan. App. 2017) (unpublished opinion); *State v. Villa*, No. 115,595, 2017 WL 3207087, at *4 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. 1601 (2018). In each of these decisions, this court held that when the Kansas Legislature amended K.S.A. 21-6810 to include subsection (e) in 2015, the Legislature did not intend for subsection (e) to apply to all later amendments under the statute. Thus,

6

in each decision, this court concluded that the 2016 statutory amendments to the juvenile decay rules in K.S.A. 21-6810(d) do not apply retroactively.

In *Parker*, for instance, this court explained:

"If the legislature intended the decay provisions to operate retroactively, then it would have used more specific language. It did not do so and it is not clear that such a broad policy change was intended. . . . [I]f we applied the 2016 amendments retroactively, it would entitle anyone serving a sentence based on a criminal history score that included certain juvenile adjudications to be resentenced." 2017 WL 947821, at *4.

In his brief, Churchill argues that our court has wrongly decided this issue, and he points out that the Kansas Supreme Court granted a petition for review in the *Parker* and *Villa* cases. But we note that after Churchill filed his brief, our Supreme Court dismissed the petitions for review in *Parker* and *Villa* as being improvidently granted. Although we cannot be certain why our Supreme Court dismissed the petitions for review, a likely reason for the dismissals is the 2017 legislative amendment making it clear that the retroactivity provision in subsection (e) of K.S.A. 21-6810 applies only to the 2015 *Murdock* fix and not to the 2016 statutory amendments affecting the juvenile decay rules.

This court recognized and followed the Legislature's expressed intent by its 2017 amendment to subsection (e) in K.S.A. 21-6810 in our recent decision in *State v. Kauer*, No. 116,881, 2018 WL 1352565 (Kan. App. 2018) (unpublished opinion), holding that

"[t]he Legislature has tried to clarify the matter. In 2017, the Legislature amended the retroactivity provisions of K.S.A. 21-6810, limiting retroactivity only to the provision that had been added in 2015: 'The amendments made to this section *by section 1 of chapter 5 of the 2015 Session Laws of Kansas* are procedural in nature and shall be construed and applied retroactively.' See L. 2017, ch. 92, § 5(e) (effective July 1, 2017).

7

"We agree with our court's past decisions holding that the 2016 amendments don't apply retroactively. So the law in effect at the time of Kauer's current offense controls . . . ." 2018 WL 1352565, at *3.

We agree with the analysis in *Kauer*. The Kansas Legislature has clearly expressed its intent that only the 2015 amendments to K.S.A. 21-6810 shall be applied retroactively. As our court has consistently held, the 2016 statutory amendments to the juvenile decay rules are substantive in nature and the Legislature has included no clear language that it intended the 2016 amendments to the statute to operate retroactively.

To sum up, the 2016 statutory amendments to the juvenile decay rules do not apply retroactively to Churchill's cases. As a result, the district court correctly included Churchill's 2004 juvenile residential burglary adjudication in his criminal history scores. Churchill's sentences are not illegal on the grounds he asserts, and the district court did not err in imposing the sentences.

Affirmed.