NOT DESIGNATED FOR PUBLICATION

No. 120,586

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANDY CLARK ZEDIKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed November 1, 2019. Sentence vacated and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BRUNS, J., and WALKER, S.J.

PER CURIAM: After he entered a no contest plea, the district court convicted Randy Clark Zediker of attempted trafficking of contraband in a correctional facility for a crime he committed in November 2017. Prior to sentencing, Zediker challenged the classification of two prior felony convictions in his criminal history for failure to register under the Kansas Offender Registration Act. Because failure to register was classified as a person felony at the time Zediker was convicted, the district court treated them as such at sentencing in this case. On appeal, Zediker challenges his criminal history score and sentence. For the reasons stated in this opinion, we vacate his sentence and remand this case for resentencing.

1

FACTS

In February 2018, Zediker pled no contest to attempted trafficking of contraband in a correctional institution. The district court judge accepted Zediker's no contest plea, found him guilty, and ordered a presentence investigation (PSI) report. The PSI showed that Zediker's criminal history score was A based on two prior person felonies and the conversion of three person misdemeanors.

Zediker objected to the criminal history score in the PSI and asserted that it should actually be a C. He acknowledged that his 2012 and 2016 convictions for failure to register under the Kansas Offender Registration Act were classified as person felonies at the time they were committed. However, Zediker argued that the Kansas Legislature's amendment to K.S.A. 22-4903(c)—that went into effect on July 1, 2016—should be applied to determine his criminal history score in this case. See L. 2016, ch. 97, § 4.

As Zediker pointed out, K.S.A. 2017 Supp. 22-4903(c) now requires the classification of the offense of failure to register to be based on the classification of the underlying offense requiring the registration. Because it is undisputed that Zediker had been required to register because of nonperson drug convictions, he argued that his convictions for failure to register should be treated as nonperson felonies for the purpose of determining his criminal history in this case. In its response, the State argued that the district court should continue to classify the 2012 and 2016 convictions as person felonies because the amendment to the statute did not take effect until after Zediker's convictions of those offenses.

The district court held a sentencing hearing on November 16, 2018. After hearing arguments, the district court ruled that Zediker's PSI properly scored his criminal history as A. In reaching its decision, the district court found that Zediker's prior convictions for failure to register should continue to be treated as person felonies because that is what

2

they were when he was convicted. Even so, the district court did consider the subsequent change in the law at sentencing, stating:

"I think you're probably aware from the PSI . . . the maximum sentence could be 34 months, the standard sentence was 32. I'm assessing the mitigated [sentence of 30 months imprisonment] which is only two months less, but it is in recognition of the fact of the timing of the convictions that occurred and the subsequent law change. It doesn't change what your history is but it shows that the legislature had a change of thought after the fact."

Thereafter, Zediker timely appealed his sentence.

ANALYSIS

On appeal, Zediker contends that his sentence is illegal because K.S.A. 2017 Supp. 22-4903(c) now requires that the classification of his prior convictions for failure to register should be based on classification of the underlying convictions for which he was required to register. It is undisputed that the underlying convictions supporting his requirement to register were nonperson drug felonies. Accordingly, Zediker argues that the district court should have classified his convictions for failure to register as nonperson felonies for the purpose of determining his criminal history score—and ultimately his sentence—in this case.

Under K.S.A. 2018 Supp. 22-3504(1), Kansas courts may correct an illegal sentence at any time. K.S.A. 2018 Supp. 22-3504(3) provides that an illegal sentence is a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." See *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018). Whether a sentence is illegal under K.S.A. 2018 Supp. 22-3504 is a question of law over which we

3

exercise unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Likewise, to the extent this argument calls for statutory interpretation, our review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

In Kansas, a defendant's criminal history score includes an offender's criminal record of adult felony convictions, juvenile adjudications, and misdemeanors as provided in K.S.A. 2017 Supp. 21-6810. Under K.S.A. 2017 Supp. 21-6814(c), after the district court receives the PSI—which includes a criminal history worksheet—the defendant must notify the prosecutor and the district court in writing of any error in the proposed criminal history worksheet. Here, Zediker asserted an oral objection but never filed a written notice as required by K.S.A. 2017 Supp. 21-6814(c). However, the State did not object to the procedure used by Zediker and, as shown above, an illegal sentence can be corrected at any time.

Here, the parties agree that at the time of Zediker's convictions for failing to register, K.S.A. 22-4903 classified these violations as person felonies. Shortly after Zediker's second conviction for failure to register, however, the Kansas Legislature amended the statute to be effective on July 1, 2016. Under the amendment, the classification of the crime of failure to register now depends on the classification of the underlying convictions that led to the requirement to register. See K.S.A. 2017 Supp. 22-4903(c).

The parties also agree that at the time Zediker committed the offense in this case, the crime of failure to register was classified as either a person or a nonperson felony depending on the classification of the conviction that led to the requirement to register. K.S.A. 2017 Supp. 22-4903(c) currently reads, in relevant part:

> "Such violation shall be designated as a person or nonperson crime in accordance
> with the designation assigned to the underlying crime for which the offender is required

4

to be registered under the Kansas offender registration act. If the offender is required to be registered under both a person and nonperson underlying crime, the violation shall be designated as a person crime."

The State contends—and the district court found—that because Zediker's prior convictions in 2012 and 2016 occurred before the amendment to K.S.A. 22-4903(c), the prior version of the statute should apply for determination of his criminal history score in this case. Although this position is reasonable, the Kansas Supreme Court has held that "the classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes under the [Kansas Sentencing Guidelines Act] is determined based on the classification in effect for the comparable Kansas offense *at the time the current crime of conviction was committed*." (Emphasis added.) *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 (2015). Even though we recognize that *Keel* does not directly address the issue presented here, we believe that a similar analysis applies in this case.

In *Keel*, our Supreme Court reasoned:

"[G]iven the overall design and structure of the KSGA, we have determined that the legislature's failure to include a specific provision describing how to score prior pre-KSGA in-state convictions or juvenile adjudications is inconsequential. The provisions of the KSGA itself as explained below instructed that prior convictions or adjudications be classified at the time of the current crime of conviction. In reaching this conclusion, we are mindful that when construing statutes to determine legislative intent, appellate courts must consider various provisions of an act in pari materia, with a view toward reconciling and bringing the provisions into workable harmony if possible. We also 'construe statutes in such a way as to avoid unreasonable results, and we presume that the legislature does not intend to enact meaningless or redundant legislation.' [Citations omitted.]" 302 Kan. at 573-74.

5

The *Keel* court reasoned that unless the statute of conviction has been repealed, the prior crime should be scored using the classification in the statute at the time of the current crime of conviction. Likewise, the *Keel* court found that an *in pari materia* analysis of the various provisions of the KSGA shows that unless expressly stated otherwise, "the legislature intended for all prior convictions and juvenile adjudications—including convictions and adjudications occurring before implementation of the KSGA—to be considered and scored for purposes of determining an offender's criminal history score." 302 Kan. at 581. Furthermore, the *Keel* court explicitly overruled *State v. Williams*, 291 Kan. 554, 244 P.3d 667 (2010), which had held that the comparable Kansas offense should be determined as of the date the out-of-state convictions were committed. *Keel*, 302 Kan. 560, Syl. ¶ 9.

While *Keel* was pending before our Supreme Court, the Kansas Legislature clarified that prior adult felony convictions for offenses committed before the enactment of the KSGA must be scored as person or nonperson crimes using the comparable Kansas criminal offense in effect on the date the current crime of conviction was committed. L. 2015, ch. 5, § 1; see K.S.A. 2017 Supp. 21-6810(d)(2). As such, Kansas law now provides that the date of the current conviction is the relevant date used to determine the classification of prior out-of-state and pre-KSGA crimes. See K.S.A. 2017 Supp. 21-6810(d)(2); K.S.A. 2017 Supp. 21-6811(e)(2)(C); *Keel*, 302 Kan. at 590. Moreover, we note that in *State v. Patrick*, No. 116,660, 2018 WL 4373053, at *11 (Kan. App. 2018) (unpublished opinion), *rev. denied* 309 Kan. 1352 (2019), a panel of this court extended the holding in *Keel* to the classification of prior Kansas crimes after the adoption of the KSGA.

Although the State conceded in *Patrick* that *Keel* applied to the classification of a 1999 driving while a habitual violator conviction, it now contends that the rationale in *Keel* does not apply in this situation. Citing *State v. Sylva*, 248 Kan. 118, Syl. ¶ 4, 804 P.2d 967 (1991), the State argues that the penalty for a criminal offense is the penalty

6

provided by statute at the time of the commission of the offense. Although we do not disagree with this general statement of law, the issue in *Sylva* did not involve the calculation of a defendant's criminal history score. Instead, *Sylva* addressed the applicable punishment for the crime of conviction. Thus, we do not find the holding in *Sylva* to be helpful to our analysis in the present case.

The State also argues that the Kansas Legislature did not indicate that the amendment to K.S.A. 22-4903 that went into effect on July 1, 2016, should apply retroactively. The fundamental rule is that a statute operates prospectively unless its language clearly indicates that the Legislature intended for it to operate retroactively. See *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 (2016). However, we are not determining the classification of the prior offenses for conviction and punishment under K.S.A. 2017 Supp. 22-4903. Rather, we must look to K.S.A. 2017 Supp. 21-6810 and K.S.A. 2017 Supp. 21-6811 for guidance in determining Zediker's criminal history score.

We find the *in pari materia* analysis in *Keel* to be persuasive here. When construing statutes, we must consider various provisions of an act *in pari materia* with a view of reconciling and bringing the provisions into workable harmony. *Keel*, 302 Kan. 560, Syl. ¶ 7. In determining a defendant's criminal history score, we find that considering the classification of prior Kansas convictions on the date of the current crime of conviction provides consistency in the sentencing process. Like the panel in *Patrick*, we conclude that the reasoning expressed in *Keel* should apply in this case.

As indicated above, at the time of Zediker's current offense, K.S.A. 2017 Supp. 22-4903 provided that the crime of failure to register can be considered either as a person or nonperson felony depending on the classification of the underlying offense that required a defendant to register. Here, it is undisputed that Zediker had to register in 2012 and in 2016 because he had been convicted of nonperson drug felonies. Accordingly, we vacate Zediker's sentence and remand this case to the district court with directions to

7

reclassify his two prior convictions for failure to register as nonperson felonies, to recalculate his criminal history score based on the reclassification, and to resentence him based on the recalculated criminal history score.

The sentence is vacated, and the case is remanded with directions for resentencing.